IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 18, 2007 Session

**VINCENT TRACY MORTON V. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Williamson County
Nos. I-8424, I-8428-B, and I-8430-C     Russ Heldman, Judge**

_____

**No. M2007-00900-CCA-R3-CD - Filed May 14, 2008**

_____

The defendant, Vincent Tracy Morton, entered guilty pleas to three counts of delivery of more than .5 gram of cocaine for resale, Class B felonies, and was sentenced to consecutive eleven year Range I sentences for a total effective sentence of thirty-three years. The defendant did not appeal the sentencing determination. Thereafter, the defendant filed a timely petition for post-conviction relief and the court, by agreement of the parties, granted a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113. In this appeal as of right, the defendant asserts that the trial court imposed sentences that are excessive in both length and manner of service. The state contends that the trial court imposed appropriate sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Eugene J. Honea, Franklin, Tennessee, attorney for appellant, Vincent Tracy Morton.

Robert E. Cooper, Jr., Attorney General & Reporter; Jennifer Smith and Andrew Hamilton Smith, Assistant Attorneys General; Ronald L. Davis, District Attorney General; Christina Goodson and Sean B. Duddy, Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

**OPINION**

The record reflects that the defendant entered his guilty pleas to the June 2003 offenses on July 14, 2004, with sentencing to be determined by the trial court at a later date. At the September 8, 2004, sentencing hearing, the trial court imposed sentences of twelve years for each count based upon its finding of enhancement factors found in Tennessee Code Annotated section 40-35-114(2),(9),(11), & (17) (2003). The trial court did not give any weight to the defendant's proposed mitigating circumstances. The trial court further found that the defendant was a professional

criminal and ordered the sentences to be served consecutively to one another, for a total effective sentence of thirty-six years. One day later, before the filing of the judgments of conviction, the trial court informed the parties via letter that he would reduce each sentence to eleven years upon reconsideration of the weight to be given the defendant's mitigating factor of remorse. The record reflects that judgments of eleven years each to be served consecutively were filed on October 11, 2004. Counsel representing the defendant throughout the guilty plea and sentencing hearing failed to appeal the trial court's sentencing determination.

On March 28, 2005, the defendant filed a timely petition for post-conviction relief alleging the ineffective assistance of counsel. By the agreement of the parties, the post-conviction court granted this delayed appeal on March 26, 2007. A timely notice of appeal was filed on April 3, 2007.

ANALYSIS

*Waiver of Jury Sentencing Determination*

Initially, a brief discussion of the history of the jurisprudence related to judicial fact-finding at sentencing hearings is relevant to this case. At the time of the defendant's guilty pleas, the defendant waived his right to have a jury determine the existence of enhancement factors beyond a reasonable doubt. Thus, the sentencing hearing in this case proceeded to a bench trial wherein the trial court made findings beyond a reasonable doubt regarding the existence of enhancement factors it applied to arrive at the length of the defendant's sentences. At the time of the defendant's sentencing hearing in September 2004, the sentencing schemes of states employing judicial fact-finding of enhancement factors to increase a defendant's sentence beyond the statutory minimum had recently undergone much scrutiny in the wake of the June 24, 2004, United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). In Blakely, the Supreme Court ruled that a defendant has a Sixth Amendment right to a jury determination beyond a reasonable doubt of any facts, other than a prior conviction, used to increase the penalty of any crime beyond the statutory minimum. Our supreme court resolved this issue as it relates specifically to Tennessee's sentencing scheme on October 9, 2007, in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) ("Gomez II"). Our supreme court held that the holding in Blakely is applicable to our state, resolving the question of utilizing judicial fact-finding to enhance a defendant's sentence beyond the statutory minimum.[1]

Relevant to the defendant's waiver of jury determination of sentencing, the record reflects that the defendant signed a waiver of rights related to sentencing at the time of his guilty plea. The document notes that the defendant, "after consultation with counsel, waives whatever rights exist

_____

[1] In an effort to correct the potential problem in our prior sentencing scheme, on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102(6), -114, -210, and -401. See 2005 Tenn. Pub. Acts ch. 353, §§ 1, 5, 6, and 8. However, these amendments are inapplicable to the defendant's appeal because the defendant was arrested, indicted, and sentenced prior to these amendments.

under the Sixth Amendment and the principles announced by the Supreme Court in <u>Blakely</u>." The written waiver further specifies that the defendant waives his right to have a grand jury determine any facts establishing a sentence as well as his right to have a jury determine beyond a reasonable doubt the existence of any facts establishing a sentence. Furthermore, at the July 14, 2004, guilty plea submission, the trial court questioned the defendant extensively regarding his understanding of the waiver relative to sentencing determinations and found that the defendant had knowingly, understandingly and voluntarily waived his right to have a jury find facts necessary to enhance his sentences beyond the statutory minimum. Furthermore, we note that the defendant has not raised any issue relative to <u>Blakely</u> on appeal. For these reasons, we conclude that the defendant's waiver of a jury determination of his sentences was effective.

*Application of Enhancement Factors*

At the September 8, 2004 sentencing hearing, the trial court found beyond a reasonable doubt the existence of the following enhancement factors found in Tennessee Code Annotated section 40-35-114(2),(9),(11), & (17) (2003):

(2) the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;

(9) the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;

(11) the defendant had no hesitation about committing a crime when the risk to human life was high; and

(17) the crime was committed under circumstances in which the potential for bodily injury to a victim was great.

In arriving at the sentencing determination, the trial court placed considerable significance upon enhancement factor nine in light of the defendant's parole status when the present offenses were committed. The trial court commented that it "place[d] great weight on that factor in light of the prior record of the defendant and the trust he was placed on in being allowed the largess of parole." Additionally, the trial court found that the defendant was both a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood and a dangerous offender whose behavior indicates little or no regard for human life in ordering that the eleven year sentences were to be served consecutively to one another. Tenn. Code Ann. § 40-35-115(b)(1) and (4). On appeal, the defendant argues that the trial court's findings relative to both the length of sentence and manner of service are not supported by the record. The state contends that the sentences are appropriate.

Typically, an appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d)

(2003). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App.1991). However, when as in this case a defendant waives his right to a jury determination of facts that determine the length of his sentence and proceeds to a bench trial on the issue of punishment, the standard for review by an appellate court is analogous to that of determining whether there is sufficient evidence to support a conviction itself. In other words, the appellate court must consider the application of enhancement factors to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the [existence of enhancement factors] beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e).

In analyzing the overall propriety of a particular sentence, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn.1991). In this respect, for the purpose of meaningful appellate review:

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. Tenn. Code Ann. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn.1994).

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn.1986).

The record reflects that the defendant's criminal history consists of several misdemeanor convictions. Additionally, the defendant was convicted of aggravated assault and carrying a weapon on school property and was sentenced to four years suspended after the service of one hundred and twenty days. Subsequently, he violated the terms of his probation by testing positive for cocaine and marijuana and was ordered to serve his sentence. The defendant was paroled from that sentence in

June 2002 with a sentence expiration date of July 30, 2003. Thus, the defendant was on parole when the present offenses were committed in June 2003.

Agent Leonardo Zollicoffer of the Williamson County Sheriff's Department testified that he came into contact with the defendant through his employment with the 21st Judicial District Drug Task Force when, on three separate occasions in June 2003, Agent Zollicoffer conducted drug buys from the defendant through a confidential informant. He stated that the defendant was "the direct connection to the drug supply for the area." He stated that the defendant obtained drugs from two different dealers. Agent Zollicoffer opined that the whole neighborhood is victimized by drug dealing because "if a drug deal go[es] bad, innocent people are shot."

The forty-five year old defendant testified at the sentencing hearing that he was last employed at Centennial High School as a night janitor and worked there until he was convicted of the aggravated assault and weapons charge. He stated that he qualified for disability benefits after being paroled from prison and that his disability related to high blood pressure, cirrhosis of the liver, and back pain. Relevant to the present offenses, the defendant admitted that people would come by his house and he would "just go and try to find [drugs] for them." He stated that he would do this about once or twice a month. He admitted that he committed the drug offenses to "just give [him] a little food because [his] money ran out during the month." The defendant also expressed remorse for his actions.

On cross-examination, the defendant acknowledged that he was convicted of three counts of drug dealing that occurred within the same month and attempted to explain his contrary direct testimony by conceding that he had sold drugs "maybe three times" a month. He admitted that drug dealing is dangerous, but he denied knowledge that any of his associates carried guns. Likewise, the defendant admitted that selling drugs was a major source of his livelihood. However, he further stated that he only received ten to twenty dollars for each drug transaction.

Relative to the sufficiency of the evidence to support the trial court's findings regarding enhancement factors, the evidence shows that the defendant has a ten year history of criminal convictions. After being indicted for the present offenses, the defendant was arrested and convicted of misdemeanor possession of drug paraphernalia. There is also proof of failed attempts at probation and the present offenses were committed while the defendant was on parole. Therefore, we conclude that the evidence is sufficient to support the application of enhancement factors regarding the defendant's history of convictions and failure to comply with conditions of release. Tenn. Code Ann. § 40-35-114(2) and (9) (2003).

In determining the propriety of the application of factors (11) and (17), we note that this court has held that "the nature and character" of cocaine offenses alone is not sufficient to allow application of the enhancement factors involving "no hesitation about committing a crime when the risk to human life was high" and "the crime was committed under circumstances in which the potential for bodily injury was great" because the nature and character of such offenses has already been taken into consideration by the legislature in classifying cocaine as a Schedule II drug and

-5-

cocaine offenses as either Class A, B or C felonies. State v. Keel, 882 S.W.2d 410, 419-21 (Tenn. Crim. App. 1994). Therefore, this court has held that "without additional evidence to support a finding that the offenses involved specific risks" relative to these enhancement factors, the factors should not be applied. State v. Anthony Darden, No. 01C01-9604-CR-00140, 1997 WL 672648, at *2 (Tenn. Crim. App. Oct. 30, 1997).

In this case, Agent Zollicoffer described that drug sales were dangerous to the entire community due to the associated risk that drug dealers carry weapons and innocent people are victimized when caught in "drug deals gone bad." The evidence in this case also reflects that the drug transactions occurred in the daylight in public areas such as the Kentucky Fried Chicken restaurant. Although the defendant denied knowledge of any persons involved carrying weapons, he admitted that his activities were dangerous and brought risk to those involved. We conclude that while this additional evidence is marginal, in the light most favorable to the state, the evidence remains sufficient to support the application of these enhancement factors. We further note that the trial court placed substantial emphasis on the defendant's criminal history and failed attempts at probation and parole in arriving at the eleven year sentence for each offense. Therefore, we conclude that the trial court's imposition of eleven year sentences is affirmed.

Directing our analysis to the trial court's imposition of consecutive sentences, the record shows that the trial court found that the defendant is a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood and that he is a dangerous offender. Tenn. Code Ann. § 40-35-115(b)(1) and (4). While noting the required factors of State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), regarding the dangerous offender finding, the trial court stated that the evidence supported the factors but failed to make specific findings as is required by Wilkerson. However, it is unnecessary for us to address this error because the evidence is sufficient to show, by the defendant's own admissions, that the defendant qualifies as a professional criminal and this finding alone supports the imposition of consecutive sentences. Therefore, the trial court's imposition of consecutive sentences is affirmed.

## CONCLUSION

We conclude that the defendant knowingly, understandingly and voluntarily waived a jury determination of facts necessary to establish sentencing. We further conclude that there is sufficient evidence to support the application of enhancement factors in this case and that all were appropriately applied to the three counts of delivery of more than .5 gram of cocaine for resale. Furthermore, we conclude that the trial court properly found that the defendant was a professional criminal, warranting the imposition of consecutive sentences. Therefore, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE